and the other defendant, in this case, Michael Chase. Were you a trial counsel? I was not, Your Honor. Okay. Maybe your colleague can help. I'm trying to figure out what happened with that stipulated pile. That, to me, is kind of a mystery. When I read the record, Judge, and I'm reading the record like you, and before I begin, I would ask the Court to reserve five minutes for rebuttal. The record's unclear. At the very end, we know that the defendant's counsel is out of the room when there is questioning done, it appears to be ex parte, by the trial judge, and the clerk basically says, well, you know, we ought to have the defense attorney check through the record and check through the documents, and then basically the record is not clear, nor has there been a finding or a determination by the trial court as to what evidence has been consented to by the defense attorney. But most importantly, I think, Judge, as I read the record as you have, is that the fact that the court did not charge the jury concerning the use of expert evidence is evidential of two things. First of all, the jury had no guidance with respect to the use of the summation testimony and the documents during its deliberation. But they were told the usual charge about if it's your, you're the fact finders, it's your recollection of the evidence, and if the counsel says anything, that's a little bit different issue. They were basically told how to evaluate the evidence that came in. You're saying that they weren't told how to evaluate specifically expert opinions, but what difference is there? Because during the summation, plaintiff's counsel read an expert report to the jury and commented on it after the court during the pretrial process issued a definitive order barring the testimony, barring the reports, and parring that evidence. Yeah, and there's an issue, I guess, as to whether or not failure to make objection shifts us to plain error review. And I think you cite Abood for the proposition that the objection that you raised pretrial is sufficient to preserve the issue. Yes, Rule 103 is basically the rule. And what's interesting about that rule is that it does not define whether or not and who it is the party preserves the record. In other words, it doesn't say the losing party preserves the record on appeal. It basically says if there is a definitive order, that issue is reserved for appeal, and that changes the standard of proof that I have with respect to these appellate issues. Was there an objection to the charge? No, Your Honor. I don't understand why you wouldn't object. I mean, you know, so much could be agreed to brief. It's like nothing ever got objected. I mean, you know, I don't want to be unkind. Well, he wasn't the trial attorney. Yeah, I understand that. But I'm not without knowledge of New Jersey. But, you know, the councils pick for townships and municipalities. Are they experienced in these types of cases? You can get killed. Judge, you don't want to be unkind. I can tell you that when I took the case after the verdict was entered and after the time for appeal was beginning, I was unkind. And I think that what's important here, and I think that what the issue here is, is that not only did we have the report read to a jury in violation of a court order, a court order which could not be waived by counsel. In other words, even counsel. But Judge, should we then, is it our job to police the order of the district court absent an objection and absent the district court stepping in and saying something? There is a tension between trial counsel in a trial and the judiciary who monitors the trial. And I think that under certain circumstances, and I think that this is one of those circumstances, that it is the role of an appellate court to ensure that the trial process has integrity. I don't understand. Was the trial counsel there when this was being done? When what was being done? When it was being read to the jury? The trial counsel was present in court when it was being read to the jury. Well, why didn't the trial counsel say you can't do that? That's a good question. I mean, I don't understand it. You know, this is a big thing to retry a case. Maybe they would have won anyhow. I just don't understand it. Well, the issues that were raised during the summation, notwithstanding the fact that it was not objected to, were of such import because that expert not only talked about the issue of damages, the expert in his report and the summation talked about the issue of liability as well. That is combined with the additional comments that were made to the jury. For example, plaintiff's counsel said to the jury, I know that one of you has expertise in this area, and I would suggest to you that you need not read all of the documents. Yeah, but you've got a lot stronger arguments than that. I understand. The bottom line, Judge, is that I'd like to go back to Rule 103 because I think the argument is such that under Rule 103, that that issue, even though we won during the eliminate motions, is preserved for appeal when here there is error, and that makes the standard of proof differently. Secondly, the Supreme Court of New Jersey, six months— Wait a second. The error wasn't there. The error was what happened at the trial when somebody was there. The error was what happened at trial when somebody was there, but that doesn't change that the issue was preserved for appeal because it was a definitive order. Not the issue as to whether or not he— the issue of whether or not he acted wrongly when he read it. I mean, this could have all been avoided. Yes, Judge, it could have been avoided. Isn't there a risk— that the rule that you're asking us to adopt with respect to Rule 103 would allow counsel to get a favorable ruling on a motion and eliminate and then take a powder during the trial and just sit there and do nothing as happened here? And if you don't like the results of the trial, well, then you get a do-over. I disagree. I understand the principle you're talking about, but when you talk about what the role of trial counsel is, we also have to take a look at what the role of the plaintiff's counsel is. And that is, the question is, did plaintiff's counsel have an obligation not to violate the court order prohibiting that evidence from going in or referring to it? So that, agreed, there will be cases, and I guess we could imagine cases in which a trial counsel might sit back and take a pounding, and that those cases can be decided on appeal as well. But in this case, that's not what happened. I don't think anybody could look at this record and say that there was a strategic decision made by a defense attorney. No, not in this case. I'm concerned that if we adopt the rule of law you're advocating, it will— and I'm not saying, you know, many counsel would do this, but it would allow the less scrupulous counsel to play possum at trial and— I'm not asking the court to change— And get two bites at the apple. I'm not asking the court to change the wording of the rule. I don't think possums eat apples. I'm sorry. No, go ahead. The rule is neutral as to who it preserves. It doesn't say losing party preserves. I'm not asking the court to change what the plain reading of the rule says. What I'm suggesting is that when we're talking here about error— There's no challenge to the pretrial ruling. Yeah, that's the problem. The challenge is not to that. It's to what happened at the trial when it was violated. That's a different thing. Well, it's a related thing. There's a dynamic interrelation. We, the defendant, made a motion before trial saying we implore the court not to permit testimony to be entered. That ruling was held in our favor. Now, during the course of the trial, the rule was violated. And causation, though, wasn't it? It was— It could not be entered as to causation. That's right. And the fact of the matter is that's combined with the court's failure to adopt the New Jersey Supreme Court ruling six months before. Yeah, was that brought to its attention? It was not brought to its attention. I mean, I never saw a case— You know, you say, well, you don't want to be unkind. He was laying in wait. You know, this is not that— But there are other things that are very unkind. I agree. I mean, I read the New Jersey Law Journal and you try to keep up. But the judge, you know, maybe he didn't— I mean, counsel has some obligation. Agreed. And, quite frankly, does the court. And might I suggest to this court that when we look at this record, and as your court says I'm appalled as to what happened at this trial, I think appalled is another way of saying that appellant's substantive rights were affected, substantive rights to a fair trial. When we look at this record, and anybody that I discussed this case with, and hopefully discussing the case with you, we look at this record and we are appalled. But the fact of the matter is, is that the defendant in this case suffered harm basically not because of the negligence of the defense attorney, but because of the misconduct of the plaintiff's attorney. There was an obligation of the plaintiff's attorney. Well, I'm not sure you can separate the two. I'm not sure you can— In the heat of battle, counsel, you know, I can't remember a trial where the opening and closing, there might not have been some statement made that reasonable minds could differ as to whether that crossed the line. I mean, that's our job as advocates, right? You go into trial and you try very hard to not cross the line, but you certainly want to go as close to the line as you can to win your case, right? And it's incumbent upon opposing counsel to stand up and say he crossed the line. Maybe we have a sidebar. That's not that difficult. But it's also incumbent not to violate the court order. Getting close to the line is one thing, and advocacy is something that I advocate. But this was an intentional violation of a court order. Well, where's the evidence for that? Wait, wait, wait. Where's the evidence for that? I mean, the judge made the mistake, too. I mean, it seemed like it might have been, strikes me as inadvertent. Where's the evidence of intent here? Because there was a court, there were two court orders. The first court order was by the magistrate granting the motion in limine. The second court order was the pretrial order that was entered into prior to the trial, both of which specifically excluded that testimony. The judge started to read the expert charge in his jury charge and then stopped himself, because he understood the fact that there was a court order prohibiting expert testimony in the case. The misconduct. Well, but some of the expert testimony could come in, and that's your other argument. It depends on what it comes in for. And you're saying there was no instruction on the limits of the expert report. There was no testimony. And the plaintiff's summation occurred after the defendant's summation and before there was any type of admission into evidence of any of these documents. Well, I want to use another thing. Point three, I never read anything like this. You said, plain error occurred when the instruction was omitted, the plaintiff has a burden of proving background circumstances sufficient to support the presumption that Irvington, Adler, Chase were the unusual employers who discriminated against the majority. Well, who's the majority in Irvington? Well, I don't think that the test with respect to LAD cases is who the majority is in a particular town. Well, it ought to be who the decision-maker is. Of course it should be. Well, who's the decision-maker? I had the impression, and again, you know, nobody comes here not knowing what they know, that in Irvington that the whites are not necessarily the majority. I understand that. Am I wrong? No, you're not wrong. Well, then she's in the minority. And who are the decision-makers? Is the chief of police black? I mean, I don't like to go into race, but you're asking us to charge it. Well, it's on the record. Yeah, it's on the record. But she's not the majority. I understand the court's position. Well, people laugh at us if we say it in Irvington. Now, it might be different, you know, in Essex Fells, but we're not in Essex Fells. I understand the court's position with respect to that. The fact of the matter is that in this particular case, the jury was uninformed with respect to its obligation with respect to the reports that were provided to it. The jury was provided statements by the plaintiff's attorney clearly influencing and impeding upon the juror's right to make determinations with respect to it. The reason why we have jury charges with respect to expert reports is because there's an inclination of lay jurors who sit on cases to say, well, if an expert is saying something, it must be true. And that's why our charges are so specific, saying you can reject, based upon your own common sense and common experience and the other evidence of the case, what an expert says. Here, there was no mention to the jury, pursuant to a court order, of any expert testimony or reports until after the defense had the opportunity to sum up and then the plaintiff's attorney, after all of that, read a report which was barred by court order. That is the essence of our appeal, and because Rule 103 has a standard of proof, because it was preserved, because that issue was preserved, the question is whether or not did it have a reasonable probability of influencing the jury. I don't know how it was preserved, because you even say reversible error occurred when, how do you pronounce it, when Winko? Iwanenko. Iwanenko's counsel violated the in limine order by reading portions of the report. Well, there was no objection to that. The objection was he violated some prior order, but nobody objected to it. I don't see where there's one thing in your brief that isn't a plain oral argument. If that is true, we've still met the standard because of the outrageous conduct of reading into the record an expert report without injunct, without instruction, a report that had been previously barred by two court orders. No expert, no instruction was asked for, which is part of the same problem, I guess. There's no request for an instruction on expert testimony, how you handle it. And I guess the question, my time is up, so I have reserved five minutes, and I thank the Court. Okay, thank you. First time an attorney ever sat themselves down. Mr. Boyd. May it please the Court, my name is Robert Ford. I had not appreciated that judges from Mercer County were so familiar with the demographics of Essex County. Well, the judges from Philadelphia County are not. As Your Honor's note, this is an appeal from a judgment rendered after a jury verdict, and every argument raised by the appellant is a ground that was never raised in the trial court. They rise on a standard of plain error, and none of the errors that they allege affect the fairness, integrity, or the judicial reputation of the Court. Well, as to what he's saying about the expert report, why wouldn't that meet a plain error standard? Number one, trial counsel has asked me to raise the point that Judge Schwartz only barred the testimony, not the report. I'm not that comfortable with that argument. Well, there's something in the record, and that's why I asked this business about the stipulation, and that makes it even murkier here. It looks like what happened, there came a time, sometime after the evidence was presented, that the judge said to counsel, in order to cut through all the documents and what was coming in and what wasn't, go through the documents, put the documents that you're stipulating to over there in a pile. Those are the documents that are going to come into evidence. And somehow, mysteriously, the document that was initially objected to, the expert report, was in that pile, so arguably it's stipulated to when it comes in. Your Honor, and I apologize for this, but I just realized this morning, when I read Judge Schwartz's opinion, if you look at footnote four, she is talking about reports dated November 2205 and January 2406, neither of which was admitted or offered into evidence. The reports of Dr. Cantor that were in evidence are dated August 405, June 3005, and October 2405. And you can look at her opinion at page 169 of the appendix in footnote four. The reports that she objected to, the so-called expert reports, are not in the appendix, are not in the record. You're saying those are the ones that went to, the motion to eliminate went to, not to the August report, but to other reports? Yes. There are two other reports that are not before us. Now, you'll also notice that in the appendix, there's a list of all the evidence that we're going to put in. It stops around 70. And if you look on the table of contents, you'll see the number of exhibits went up much higher than that. I think it went to 130. I think Judge, to better answer Judge McKee, what I gather happened is Judge Chesler left the courtroom, told the counsel to make sure that you have everything in evidence, give it to the clerk, and it was done at that time. I don't know that anything was snuck in. Counsel for the defendant was supposed to do her job and make sure that everything that was offered to the clerk and to be stickered into evidence was, in fact, to be stickered into evidence. And on the record, there was agreement that this is the evidence. And that's what happened. All right, well, clearly there was failure here on counsel's part to do a lot of things. But how can you so readily say that a fair trial occurred? When you look at the cumulative number of errors here, it's fairly astounding, isn't it? And in particular, I'm concerned with counsel's statements, plaintiff's counsel's statements, telling the jurors things like, don't look at all the evidence, break it up into pieces. I know one of you is an expert on these things. You deal with these claims. I mean, I'm reading this and I'm thinking, these comments directly contravene the instructions I used to give to jurors in civil rights cases, which include instructions like you're to consider all the admissible evidence, you're to bring your independent judgment into the jury room and converse with your jurors, your fellow jurors, and deliberate. But if you divide and conquer the evidence, that's not a deliberation. That's some sort of academic exercise. I would concur with Your Honor's statement. However, whatever counsel said was followed sequentially by Judge Chesler's charge. And I think that Judge Chesler's charge adequately cured the concern that Your Honor has expressed. Judge Chesler gave the charge that Your Honor did. Judge Chesler told them to go in and talk to one another. Judge Chesler told them to look at all the evidence. What's the purpose of it? The reason you have curative instructions is because there's something that needs to be cured. Well, I would have been more comfortable if he had interrupted plaintiff's counsel and said sidebar and told them to cut it out and then gave the jury an instruction to disregard the last three sentences from plaintiff's counsel. That's what I would call a curative instruction. There really was no curative instruction. What you're saying is the judge charged them last and the standard instructions say that to the extent my instructions conflict with anything that you've heard, you should listen to me, not those lawyers. Your Honor understands what I said. And yes, it would have been nice if Judge Chesler had interrupted Mr. Hawkins. But to say that Judge Chesler, it would have been nice for Judge Chesler to have interrupted counsel does not mean that it was an abuse of discretion not to have interrupted Judge Chesler. Judge Chesler was there. He saw the manner in which this was going through. He heard the rhythm, the cadence. He saw the jurors who were awake. He saw the jurors who were asleep and the jurors who were in between. How many of these categories? I guess you've tried a lot of cases. The jurors who were asleep. It's like not being there. I have had the opportunity to testify before a grand jury, and I can tell you that at least seven of them were asleep. Well, a grand jury is a different thing. It's pretty boring. I once testified at a trial as an expert witness, and the judge was sleeping. She looked and she told me all the lawyers were staring at the judge, so she looked and was sleeping. When I was a younger lawyer in the early 70s, I was told by the attorney for whom I worked that he had once seen a judge fall asleep while charging the jury. That's understandable. Those charges are 50 pages long. And I must tell you, on that first appeal this morning, I can't imagine that case going to the jury, going to any jury. But your Honor is going to have to have a jury. I understand. Your point is you're conceding that a lot of mistakes were made, but the crux of your argument, as I understand it, is that that doesn't rise to the level of plain error. Correct. Plain error is not that you made a really bad error, but plain error is when it goes to the integrity of the court process. If you eliminate somebody because of race, religion, sex, national origin, and it's clear that the juror was excused for that reason, and there's no objection, that might affect the integrity of the judicial process. What about the expert report? All kinds of stuff. I think it's the August 4 or August 5 report. It was either a report or a letter. In the August 5 report, in the form that Dr. Cantor filled out, reading that to the jury, why wouldn't that be enough to get you to plain error? There are all kinds of things there. A. About causation, about the terrible treatment this woman received. A. There was no objection to it. Let's start with that. If there was an objection, I wouldn't be asking you about plain error. I understand. This is an adversarial proceeding. This argument essentially goes to what is the adversarial system. Mr. Hawkins, as attorney for the plaintiffs, owed no duty to the defendant. The question was, why don't the materials that I just asked you about establish plain error? That was, I believe, a treating report. It was not the report that Judge Schwartz was concerned with. It stated in that report that Ms. Sergeant Iwanenko claimed that this was all due to what Chief Chase and his underlings had done, and it reported that, and it didn't say that I draw the conclusion that this is what it is, that this is the causation. It says the harassment the patient has experienced at work over the past two years is the single factor precipitating her depressive symptoms. But if you go to, that report is at page 611. Right. And the second paragraph begins, the patient said she is currently. Right, but I read you from the third paragraph. Right. I think you can't read the third paragraph without reading the second paragraph. Well, I did. I didn't skip around here. You have to take it in context. That doesn't change. You know what two says doesn't change what three says. He's not, I guess, Dr. Cantor. She is not saying the patient claims that she has experienced this harassment that's caused these symptoms. The doctor is saying that the harassment has caused these symptoms with no instruction, as Mr. Levy is arguing, about how you handle that. This was not the expert report. This was the report that said to the chief case, please give this woman an excused absence. It's a recommendation that she not return to work until the matter is settled. What difference would it make? Pardon? What difference would it make? It's a statement by a psychiatrist, a CMD there, about the effect of the harassment on the plaintiff. I don't think it makes any difference. It's a treating report. It was actually in the township's files, I believe. But it overlaps with an expert report. I can't deny that. And it does draw conclusions. But it's supposed to. It's an excuse to the employer, please excuse this woman from duties, the same way as if she heard her back. Your Honor? I just wanted to ask you a completely separate question. I know that the judge originally, at the time of the brief, had not fixed counsel fees. Is that still true? He hasn't? Yes, Your Honor. The judge has not fixed counsel fees? That application is still pending. I suspect that Judge Chesler is waiting for Your Honors to decide what to do. I ask Your Honors to affirm the judgment. And Your Honors, if you have any questions. Thank you. Mr. Levy, you have some time? Yes, thank you, Your Honor. Dr. Tanner's testimony was barred from this trial. What the jury heard was opinion testimony dealing with the causation of damages as well as factual information, which was not prohibited by court order of being presented to that jury. When we talk about plain error and the integrity of the trial, this is what we're talking about. We have been and I have been in cases in which I know I remember years ago, Judge Greenberg, I had taken an interlocutory appeal in a criminal case in which there had been an escape from the courthouse in Mercer County. And the judge, your panel, reversed, saying we need to protect the integrity of the trial. And sometimes you protect the integrity of the trial during the trial. That's the preferential way of doing it. If I was sitting there, I would have filed objections. But sometimes we protect the integrity of the trial and the trial process through the appellate process and having appellate judges take a look with hindsight as to what actually occurred. And that I think what actually occurred was that, number one, information that was supposed to be barred from the jury was provided to the jury. Number two, the law against discrimination as defined by the Supreme Court of New Jersey six months earlier was not properly charged. And number three, and in addition to that, the jury was asked by the plaintiff's counsel to act in a way jurors should not act. We talked about falling asleep at trial and about how a 50-page jury charge might very well put a jury to sleep. I would suggest that sometimes when a plaintiff's attorney is speaking to a jury, that their language and their comments may have more impact than perhaps the court's comments. You know, one thing that did strike me, it looked to me like the plaintiff got a huge verdict on future wages. What was the evidence of that? Was it a million and something? It was 1.4 million. I mean, that was really big. It was huge. And given the fact that without the testimony of the expert, which was relayed to by the plaintiff's counsel, the only testimony with respect to damages was the plaintiff's testimony herself, and that had the jury been instructed under the Carmona standard, the jury could have taken, with respect to the substantive issues, each and every one of those complaints that she alleged she had made and made some sort of determination as to whether or not those complaints had been made in good faith. This case was, prior to the trial, as I recall it, all the federal issues were gone, weren't they? That's correct. And the jurisdiction was being exercised under 28 U.S.C. 1367. Yes. Was a motion made to the court to, I forgot the procedure, but at that point, in effect, for the federal court then to get out of it because there were no federal issues? There were no motions made. I can tell you, from my experience in other cases in the District of New Jersey, that what is happening now is that once the federal claims are dismissed for one reason or the other, normally the federal courts have been on their own dismissing the state claim, seeking it to be refiled back in state court. And they have a certain time. They have a certain time for statute of limitations purposes. When did the federal claims go out of this case? On directed verdict? You know, I don't know the answer to that question, Judge. I'm sorry. I didn't try the case. I wasn't involved with it. And I'm sorry, I don't know the answer. Well, I know plaintiff's attorneys in New Jersey, I thought, generally preferred the state courts because generally the provisions for counsel fees are more liberal. And also, you're less likely to lose on a summary judgment. That's been my experience as well, Judge. You know, I take a look at this case. I note that I only have a few seconds left. We all look at the record and we say, you know, what happened here? And I think that in this particular case, it requires judicial remedy at this juncture. And we're asking that the case be remanded for a new trial so that the court, so that the jury in that new trial can hear the evidence which was intended by the court through its decisions to have been heard. What you have here is a case that looks, you know, again, I want to be uncommon, it looks like the defendant's attorney, you know, well, he didn't know what he was doing. I mean, you got killed. Like I said, Judge, I don't believe that the errors that were made were strategic. I think that the errors... He didn't know what he was doing. I think that there was errors that were not harmless. Thank you. May the counsel come up for a second? Yeah, I was just... I don't know... Actually, I can't support this. I won't find a way. I have to support it. But I have to... Yeah. I'm with you. Thank you. Thank you. Thank you. What do you mean, a pending case with a different written case? Oh. Well, was it ever tended to him in the first place, the defense? What do you mean by that? Well, maybe if you can get the insurance company involved and the town involved, maybe it can work out somehow. It could work. Because you have another... You have another... And that's counsel. Because it will not be a modest order. Right. Thank you. Thank you. Thank you. Thank you. Thank you. Well, the question is now... Well, the... I'm afraid I can't settle it for anyone near that, obviously. The question is, how will I resolve it? Who's the insurance counsel? Yeah. So will you communicate with Mr. Borges and... Okay. So what kind of a police officer? I don't know. Yeah. Yeah. Yeah. Yeah. Yeah. Yeah. Sleep. Okay. Sleep. Okay. I don't think this is the case. I think this is the case. You'll have to work this out. I don't think this is... I don't think this is the case. It's like that case where the person got hit with a traffic light. You remember? Warren Willens had it. It went on for years. The accident. They got a multimillion dollar verdict. We had it here in World War II. That also was going to threaten the town. That case was going to threaten the town, too. Who's to help back this case? Is that who tried the case? No. No surprise. She was not from Slovenian Holland. Thank you. Wow. That's crazy. Yeah. All right, we'll hold it for two weeks and let us know. Let us know through the clerk's office. Contact a joint letter to the clerk's office and let us know. Thank you. Thank you. Okay. We thank Collins very much for a... I guess an interesting case would be the best adjective I could put. We'll hold the matter safe. We'll take it under advisement.